Bryce H. **GRANT** and Dorotha Grant

v.

**UNITED STATES of America.**

**No. J–72–C–33.**

United States District Court,
E. D. Arkansas,
Jonesboro Division.

July 7, 1975.

Dan M. Burge, Reid, Burge & Prevallet, Blytheville, Ark., for plaintiffs.

John G. Truelson, Tax Div., Dept. of Justice, Dallas, Tex., W. H. Dillahunty, U. S. Atty., Little Rock, Ark., for defendant.

## MEMORANDUM AND ORDER

EISELE, Chief Judge.

Trial was held in this civil action for refund of income tax payments in Jonesboro, Arkansas on July 6, 7 and 8, 1974. The case was submitted to the jury on special interrogatories, all of which were answered favorably to the plaintiff taxpayers. Still pending are a number of motions made at trial. The motions are these: Government's motion for directed verdict on the deductibility of plaintiffs' payment of attorney's fees, newspaper advertisements and social security withholding taxes on behalf of Blytheville Tractor Company after its dissolution; Government's motion for set-off based on the taxpayers' receipt of constructive dividends in the form of discounts, preferential service, and other benefits from Blytheville Tractor; and the plaintiffs' motion to allow amendment to tax returns for the relevant years to claim depreciation and investment credit on the retail value of the equipment purchased from Blytheville Tractor rather than on the discount value at which they were purchased and depreciated. Plaintiffs also moved before trial to amend their complaint to seek additional refunds based on losses paid but inadvertently not mentioned in the original complaint. No objection was made by defendant and these losses were proved at trial; the amendment will be permitted.

The Government's motion for directed verdict on the first issue will be granted. The payments for newspaper advertisements and attorney's fees were liabilities of Blytheville Tractor Company paid by Grant without any legal obligation to do so. Moreover, since the Company was clearly insolvent, Grant's payments cannot be seen as made to enhance his investment in the Company. The payments were made in accordance with his general policy that one's finan-

cial responsibilities impose a moral if not legal duty of repayment. This is a laudable motive, but it does not serve to make the payments deductible.

■ As to the tax payments taxpayers made on the Company's behalf, no part of them is deductible. They would have been partially deductible by Blytheville Tractor (the portion which represented the employees' FICA contributions), but since those payments, even though made by Grant pursuant to § 6672, do not constitute business expenses for taxpayer Grant and are consequently not deductible by him.

■ The Government's request for set-off will be granted. The taxpayer claims that he bought stock and guaranteed the loans of Blytheville Tractor Company in order to benefit his farming business. He then testifies that he in fact received the benefits he sought. He cannot expect to deduct the losses incurred in the transaction without also declaring the profits.

■ The taxpayers will be allowed to claim depreciation based on the value rather than cost of the equipment purchased. Since 1965 is not involved in this action, no set-off or amendment of depreciation schedules will be allowed for that year. The value of the constructive dividends has been determined by the Court; the plaintiffs have submitted a proposed schedule of depreciation. Defendant should indicate whether the proposal is satisfactory to it.

The Court requests the parties to inform it within ten days if they believe there are other outstanding matters which require the Court's decision. At the same time, they should estimate the time necessary for recomputation and the submission of a precedent for judgment.

It is Ordered (1) that plaintiffs' motion to amend their complaint to claim refunds based on the payment of certain guaranteed loans not stated in the original complaint be, and it is hereby, granted; (2) the Government's motion for directed verdict on the issue of the deductibility of payments for attorney's fees, newspaper advertisements, and FICA taxes be, and it is hereby, granted; (3) that the Government's motion for set-off for constructive dividends received by the plaintiffs be, and it is hereby, granted; and (4) that plaintiffs' motion to amend their depreciation schedule be, and it is hereby, granted.